## Olive Moore, Appellee, v. George Wingerter, Appellant.

### Gen. No. 6,089. (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Olive Moore, plaintiff, against George Wingerter, defendant, under section 9 of the Dramshop Act (J. & A. ¶ 4609) to recover damages for injury to her means of support and property by the sale and gift of intoxicating liquor to her husband, George Moore, which in the first count of the declaration was alleged to have caused his intoxication and in the second and third counts to have caused his habitual intoxication, which intoxication it was alleged caused great injury to her means of support and to her personal property. The court instructed the jury not to allow anything for injury to her person and that element is not in the case. There was a verdict and a judgment for plaintiff for five hundred dollars and defendant appeals.

The suit was begun June 4, 1913, and the inquiry was limited to the five years next preceding that date.

Plaintiff and defendant introduced evidence showing that plaintiff's husband was an habitual drunkard during all of said five years. Plaintiff proved without contradiction that a part of his intoxication was produced by wine which he bought either of defendant or of some of his children at defendant's home, and

which said husband paid for. Defendant contended that only five such sales were proved in the five years. It was proved that during the first nine months of said five years he was drunk at least twelve times, or about once every three weeks, upon defendant's wine, and that these drunken spells lasted from three days to a week each, during all of which time he was entirely incapacitated for work. There was proof that at later times he was frequently intoxicated on wine of appellant. On cross-examination of the witnesses by whom this was proved, their statement that the husband told them he got the wine from appellant was excluded, but two of these witnesses also testified that they saw the wine which he had and upon which he became intoxicated from time to time, and that they knew defendant's wine from other wine and that this was defendant's wine. There was no contradiction of any of this evidence.

There was proof of the extreme poverty of plaintiff and her husband and of his failure to supply her most ordinary wants, and that his habitual drunkenness was the cause thereof. The evidence showed that when any money was earned on the land they worked, it was because plaintiff and her minor children worked in the fields. Married daughters furnished the clothing for herself and her minor children. Defendant was permitted to prove that others contributed to the habitual intoxication of George Moore; that he was seen lying drunk on the river bank in Momence with whisky bottles in his pocket; that he was seen drinking whisky in saloons; but the court did not permit proof of the names of the saloon keepers. There was evidence that plaintiff was present in a buggy or wagon perhaps three times when her husband bought this wine at defendant's farm and did not protest then against it. It was also shown that she took steps to have appellant notified by a lawyer not to sell liquor

to her husband, but she was unable to show that the notice had in fact been given.

Complaint was made of the ninth instruction, given for plaintiff, which after submitting to the jury the question whether Moore during said five years became an habitual drunkard and whether within said five years appellant sold and delivered him intoxicating liquor, and whether he drank the same and whether the drinking thereof contributed to his becoming an habitual drunkard, and whether by reason of such habitual drunkenness the plaintiff was injured in her means of support, then told the jury that if they further believed from the evidence that during said period other persons sold and delivered intoxicating liquors to Moore and that he drank the same and that the drinking thereof contributed to his becoming an habitual drunkard, yet under the law appellant would be liable for the acts of all other persons who contributed to such habitual intoxication by selling and delivering intoxicating liquors to Moore.

The court refused four instructions requested by defendant. The first was to the effect that if Moore became intoxicated by intoxicating liquors obtained from others and by reason thereof plaintiff was injured in person, property or means of support, and if defendant sold intoxicating liquors to Moore and he thereby became intoxicated, then before defendant could recover, she must prove that the intoxication caused by defendant contributed to the injury to her person, property or means of support. The second refused instruction was on the basis that the wine sold by defendant was not intoxicating and that Moore mixed said wine with other liquors and thereby became intoxicated. The third refused instruction was intended to cause the jury to consider the proof that Moore became intoxicated by liquors sold him by others in mitigation of damages. The fourth refused instruction assumed that there was evidence that plaintiff

purchased from defendant intoxicating liquors for her husband and that such fact might be considered in mitigation of damages.

H. K. & H. H. WHEELER and W. H. SAVARY, for appellant.

W. R. HUNTER and WALTER C. SCHNEIDER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 244*—*when evidence justifies instruction as to exemplary damages.* Evidence in an action by a wife to recover under section 9 of the Dramshop Act (J. & A. ¶ 4609), examined and *held* to justify an instruction given for plaintiff submitting the question of exemplary damages to the jury.

2. INTOXICATING LIQUORS, § 214*—*when evidence as to other sales properly excluded.* In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), it is proper to exclude evidence as to the names of other saloon keepers who had sold intoxicating liquors to plaintiff's husband.

3. INTOXICATING LIQUORS, § 216*—*when evidence of sales by others not a defense.* In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover for sales to plaintiff's husband, it is no defense that others had sold intoxicating liquors to the husband and caused or contributed to his intoxication.

4. INTOXICATING LIQUORS, § 216*—*when evidence of habitual drunkenness not a defense.* In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), it is no defense that plaintiff's husband, for the sales to whom of intoxicating liquors the action is brought, was an habitual drunkard before the five years covered by the suit.

5. INTOXICATING LIQUORS, § 181*—*when presence of plaintiff at time of sale not a defense.* In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover for sales of intoxicants to her husband, it is not a defense that she was present at times when such sales were made to the husband and did not protest then against it, where evidence shows that she had theretofore protested without avail, was present unwillingly when they were

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, s; me topic and section number.

Moore v. Wingerter, 196 Ill. App. 187.

made and had taken steps to notify defendant not to sell liquor to the husband.

6. Intoxicating liquors, § 249*—*when instruction as to sales by others proper*. In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover damages for injury to her means of support and property by the sale and gift of intoxicating liquor to her husband, an instruction given at plaintiff's request which after submitting to the jury the question whether the husband during the five years covered by the action became an habitual drunkard, and whether within such time defendant sold and delivered to him intoxicating liquor, and whether the husband drank the liquor, and whether the drinking thereof contributed to his becoming an habitual drunkard, and whether by reason of such habitual drunkenness the plaintiff was injured in her means of support, then told the jury that if they further believed from the evidence that during the period other persons sold and delivered intoxicants to the husband and that he drank them and that the drinking thereof contributed to his becoming an habitual drunkard, yet under the law defendant would be liable for the acts of all other persons who contributed to such habitual intoxication by selling and delivering intoxicating liquors to the husband, is proper.

7. Intoxicating liquors, § 206*—*when instruction as to burden of proof properly refused*. In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover damages for injury to her means of support and property by the sale of intoxicating liquor to her husband, an instruction to the effect that if the husband became intoxicated by liquor obtained from others and by reason thereof plaintiff was injured in person, property or means of support, and if defendant sold intoxicating liquors to the husband and he thereby became intoxicated, then before plaintiff could recover she must prove that the intoxication caused by defendant contributed to the injury to her person, property or means of support, is properly refused as placing upon her the burden of proving an injury from the use of defendant's liquor separate from that produced from the liquor sold the husband by others.

8. Intoxicating liquors, § 249*—*when instruction not based on evidence properly refused*. In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover damages for injuries to her means of support and property by the sale of intoxicating liquor to her husband, an instruction on the basis that the liquor sold by defendant was not intoxicating and that defendant mixed it with other liquors and thereby became intoxicated is properly refused where there was no proof on which to base such an instruction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. INTOXICATING LIQUORS, § 246*—*when instruction as to mitigation of damages properly refused.* In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover damages for injury to her means of support and property by the sale of intoxicating liquors to her husband, an instruction intended to cause the jury to consider the proof that the husband became intoxicated by liquors sold him by others in mitigation of damages is properly refused.

10. INTOXICATING LIQUORS, § 246*—*when instruction as to mitigation of damages properly refused.* In an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover damages for injury to her means of support and property by the sale of intoxicating liquor to her husband, an instruction which assumes that there was evidence that plaintiff purchased from defendant intoxicating liquors for her husband and that such fact might be considered in mitigation of damages is properly refused where there was no evidence upon which to base it.

11. INTOXICATING LIQUORS, § 249*—*when ruling of court on instructions not ground for reversal.* Rulings on instructions in an action by a wife under section 9 of the Dramshop Act (J. & A. ¶ 4609), examined and *held* not ground for reversal.